Certified Translation MC-2007-406
Page 1 of 8

EXHIBIT A

COMMONWEALTH OF PUERTO RICO
IN THE FIRST INSTANCE COURT OF PUERTO RICO
SUPERIOR PART OF BAYAMÓN

**PART 404**

| | |
|---|---|
| MADELINE GUARDARRAMA<br><br>Plaintiff<br><br>v.<br><br>MVM SECURITY SERVICES, INC.; JOHN DOE, JON ROE; X, Y, Z INSURANCE COMPANY<br><br>Defendants | CIVIL NO:<br><br>RE:  **DPE   070617**<br><br>DISCRIMINATION FOR REASONS OF SEX; RETALIATION<br><br>SUMMARY PROCEEDING PURSUANT TO ACT 2 OF OCTOBER 17, 1961 |

### NOTICE AND SUMMONS

UNITED STATES OF AMERICA                )
THE PRESIDENT OF THE UNITED STATES      )
THE COMMONWEALTH PUERTO RICO            )

TO:  MVM SECURITY SERVICES, INC.
Federal Office Building G-59
#150 Chardón Avenue
Hato Rey, Puerto Rico 00918

in other words, the defendant mentioned above.

YOU ARE HEREBY summoned and required to notify the attorney for the plaintiff, whose name, address and telephone number stated hereinbelow:

**MS. NORA VARGAS ACOSTA**
First Federal Building-Suite 1004
1056 Muñoz Rivera Ave.
Rio Piedras, Puerto Rico 00927
Tel.(787) 751-7485

with copy of your answer to the complaint, copy of which complaint is processed served on you in this act, together with the summons, within the ten (10) days of having processed served copy of the referred summons and complaint, excluding the day of process service or fifteen (15) days if it made outside of the Bayamón Judicial District, as provided by Act 2 of October 17, 1961, advising you that in the event you do not do so, Judgment in Default may be entered against you, granting the remedy requested in the complaint.

*May 15, 2007*

ISSUED UNDER MY SIGNATURE AND seal of the Court today _____
_____, 2006.

Ms. Carmen Torres Camacho,
Regional Clark
Clerk

[Round ink stamp of the court]

BY:  *Maribel Otero Jimenez*
Deputy clerk
*Assistant clerk*

RECEIVED
May 22, 2007

PROCESS SERVICE BY INDIVIDUAL PERSON

I, _Kevin Quiñones_, previously sworn, DECLARE:

That my name is as stated, I am older than 21 years of age; I know how to read and write; and I am not an attorney for the plaintiff in this matter, nor a party to this suit, nor have any interest thereof.

That I received this summons on May 22, 2007, personally serving it on _MVM Security Services, Inc. C/O Angel Nieves Controller_, in other words, the defendant mentioned in said summons, on _May 22, 2007_ at _11:33_ in the _morning_ in _Federal Building Chardón Ave. Office OF-51_, personally serving copy of the complaint filed and copy of this summons, on the back of which I stamped my signature, the date and place of its process service and notice.

[Signature]

PROCESS SERVER

Sworn and Signed before me by _____ who is of legal age,_____ _____and resident of_____, who I personally know in _____ today,_____ _____, 2007.

NOTARY                              PUBLIC

Exhibit A

COMMONWEALTH OF PUERTO RICO
IN THE FIRST INSTANCE COURT OF PUERTO RICO
SUPERIOR PART OF BAYAMÓN

**PART 404**

| MADELINE GUARDARRAMA | CIVIL NO: |
|---|---|
| Plaintiff | RE: **DPE    070617** |
| v. | DISCRIMINATION FOR REASONS OF SEX; RETALIATION |
| MVM SECURITY SERVICES, INC.; JOHN DOE, JON ROE; X, Y, Z INSURANCE COMPANY | SUMMARY PROCEEDING PURSUANT TO ACT 2 OF OCTOBER 17, 1961 |
| Defendants | |

07 MAR 15 P:408   BAYAMON   SUPERIOR PART

**COMPLAINT**

**TO THE HONORABLE COURT:**

Comes now the above captioned plaintive through its undersigning legal representation and respectfully states, alleges and prays:

**JURISDICTION**

1. This claim is filed pursuant to Act No. 100 of June 30, 1959; Act No. 115 of December 20, 1991, as amended.

2. The Plaintiff files this complaint pursuant to the summary preceding set forth in Act No. 2 of October 17, 1961, as amended, 32 L.P.R.A. secs. 3118-33.

**THE PARTIES**

3. The Plaintiff, Madeline Guardarrama Nevárez, (hereinafter "Plaintiff" or "Guardarrama") is of legal age and resident of Toa Baja, Puerto Rico.

4. MVM Security Services Inc. (hereinafter "MVM") is a private entity duly organized pursuant to the laws of the Commonwealth of Puerto Rico, and/or the state of Virginia, doing business in Puerto Rico.

5. John Doe and Jon Roe are any such natural or artificial persons who have or may have liability for the facts set forth in this

complaint. Their names are unknown at present. As soon as they are known, they will be presented by amended complaint.

6. X. Y, and Z Companies are all such insurance companies that may have issued insurance policies in the name of the defendants or at any of them specifically to cover the damages that are claimed in this complaint. Once the excesses of any insurance company liable for the damages presented in the alleged complaint is learned, the corresponding amendment to this complaint shall be made to include the correct name on the caption.

## PLEADINGS

7. Guardarrama worked full-time for two (2) years at MVM as Security Officer.

8. Guardarrama was object of discrimination for reasons of sex in her employment.

9. Guardarrama was not compensated in any way for the discriminatory acts against her for reasons of sex, this has caused her serious economic damages, suffering and mental distress, including loss of income and benefits to which she would be entitled had it not been for the discriminatory and illegal acts by the respondent employer.

10. Madeline Guardarrama started to work for MVM on November 4, 2003.

11. Guardarrama always performed satisfactorily in her job and has never been object of disciplinary measures prior to the facts alleged in this complaint.

12. The plaintiffs earned an approximate salary of $2,080.00 a month.

13. On Tuesday, May 17 2006, Guardarrama was terminated from her employment for allegedly having falsified an official document. Said termination was notified in writing by letter dated that same day, sent by mail on May 22, 2006 and received on or about May 24, 2006.

14. The reason given by respondent MVM, for Guardarrama's termination is

baseless and is only part of the continuation of the discriminatory and illegal acts against the plaintiff for reasons of her sex.

15. MVM is liable to the plaintiff for all of the damages caused as a consequence of the discriminatory and illegal acts, including but not limited to: restitution in the employment, unearned wages since her illegal determination, unearned fringe benefits since her illegal termination, pay raises, suffering and mental distress and attorney's fees. The Plaintiff is entitled to any compensation equivalent to double the damages suffered and the unearned wages.

16. The respondent employer has acted discriminatory against Madeline Guardarrama, giving her a different treatment than what is given to male employees for facts or circumstances similar to those charged on her. Particularly, the respondent employer took the disciplinary measure against Madeline Guardarrama which resulted in her termination for conduct imputed to her when in men, in circumstances equal or similar to those charged on her have not been terminated.

17. Other acts of unequal and discriminatory treatment for reasons of sex Madeline Guardarrama was subjected to when she was employed at MVM for which they are liable under law were: Guardarrama was suspended from employement and salary until a new score was obtained in the shooting score test; by information and belief other male employees that have not passed the shooting score test were not suspended their salary; she was discriminated in the granting and approval of vacation, being forced to resort to the Offices of Hours and Wages the Department of Labor and Human Resources and filing a complaint to achieve to be approved or vacations; being also forced to resort to the Hours and Wages Office of the Department of Labor and Human Resources and filing a grievance because she was not receiving the pay raises that had been awarded in 2005; and was subject to unequal and discriminatory treatment in the assignment of work shifts.

18. All of this situation regarding discriminatory acts have caused in the

plaintiff severe financial damages, mental suffering and distress which are reasonably estimated in no less than $100,000.00.

## FIRST CAUSE OF ACTION

19. The plaintiff reproduces and reaffirms all of the prior pleadings, incorporates them and make them part of the subsequent pleadings.

20. Act number 100 of June 30, 1959, as amended-29 L.P.R.A. sections 146 et seq., prohibits termination, suspension or discrimination for reasons of sex, among other provisions of discrimination, regarding salary, terms and conditions of employment.

21. The plaintiff claims an equal amount to double the sum of the damages caused by the defendant according to the provisions of Act 100 of June 30, 1959, as amended.

## SECOND CAUSE OF ACTION

22. The plaintiff reproduces and reaffirms all of the previous pleadings, incorporates them and makes them part of the subsequent pleadings.

23. Act number 115 of December 20, 1991, as amended, prohibits the employer to take retaliation against an employee for trying to offer or in fact offering testimony before a judicial, administrative and/or legislative forum.

24. Guardarrama filed two grievances for illegal withholding of vacations and wages before the Hours and Wages Office of the Department of Labor and Human Resources and complained of discrimination before the administrative offices of MVM. In retaliation as part of the discriminatory conduct, the respondent terminated Guardarrama.

25. In retaliation, and as part of the discriminatory conduct, the Respondent terminated Guardarrama.

26. Pursuant to the mentioned law, the plaintiff is entitled to recover the emotional damages caused by the illegal and discriminatory actions, reinstatement in her employment, unearned wages, future wages and double penalty. These damages and unearned wages are estimated in an amount no less than $100,000.00.

27.

In addition to the legislation cited above, Act Number 402 of May 12 1950, 32 L.P.R.A. section 3115, imposes on the defendant the obligation of paying expenses and attorneys fees to the plaintiff.

28. Plaintiff undergoes the Summary Proceeding provided by Act 2 of May 17, 2000 1961.

### PRAYER

It is prayed of this Honorable Court to, in attention to the above and after the corresponding legal processes:

a. Declare that MVM incurred in the discriminatory acts for reasons of sex in violation to Act No. 100 and Act number 115.

b. To condemn the Defendant to pay the plaintiff the amounts claimed for the damages caused by the discriminatory acts.

c. Reinstate the plaintiff in her employment with MVM.

d. Grant costs, interests of this action together with expenses and reasonable attorneys fees.

e. Grant any other remedy proper under law or equity.

**IN WITNESS WHEREOF**, it is very respectfully prayed of this Honorable Court to **GRANT** this complaint, condemning the Respondent to the payment of no less than $100,000.00 plus a reasonable amount for expenses and attorney's fees, together with any other ruling proper under law.

In San Juan, Puerto Rico, on May 15, 2007.

[Signature]
**NORA VARGAS ACOSTA**
BAR NUMBER 9088
First Federal Building Suite 1004
#1056 Muñoz Rivera Ave.
Rio Piedras, Puerto Rico 00927
Tell/fax: (787) 751-7485

[Signature]
**AMEXIS J. BONILLA NIEVES**
BAR NUMBER 17,559
Capital Center Building
South Tower, Suite 305
#239 Arterial Hostos Avenue
San Juan, PR 00918-1476
Tel (787) 250-1420
Fax (787) 751-3286

5

No.: <u>2007-407</u> **TRANSLATOR'S CERTIFICATE OF ACCURACY**

I, Mayra Cardona Durán, of legal age, single, resident of Guaynabo, Puerto Rico, Certified Interpreter of the United States District Court and certified member of the National Association of Judiciary Interpreters and Translators, and admitted to the Puerto Rico Bar Association, hereby CERTIFY: that according to the best of my knowledge and abilities, the foregoing is a true and faithful rendering into English of the original Spanish text which I have translated and it is stamped and sealed as described herein. This document is comprised of Six (6) pages, including this certification page, and does not contain changes or erasures.

In Guaynabo, Puerto Rico, today, Thursday, June 28, 2007.

**Lcda. Mayra Cardona**
**United States Courts Certified Interpreter**
**NAJIT Certified Interpreter & Translator**
3071 Alejandrino Ave. PMB 306 Guaynabo, Puerto Rico 00969-7035
Tel & Fax: (787) 789-7363 Cel: (787) 530-1414
email: mayra@cardona.com