## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MADELINE GUADARRAMA | CIVIL NO.07-1468 (SEC) |
| Plaintiff | |
| v. | |
| MVM SECURITY SERVICES, INC.; FULANO DE TAL; COMPANNIAS X,Y,Z | Plaintiff demands trial by jury |
| Defendants | |

### AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW,** the Plaintiff through the undersigned attorney, and very respectfully states, alleges and prays:

### JURISDICTION

1. This claim is filed pursuant to Act No. 100 of June 30, 1959; Act No. 115 of December 20, 1991, as amended, and the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), (hereinafter referred to as the FLSA ).

2. MVM is an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. Section 203(r) (1).

3. At all times hereinafter mentioned, MVM employed plaintiff in and about its place of business in the activities of said enterprise, which is engaged in commerce or in the production

of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. MVM, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than the required by the FLSA provisions. Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(4) of the Act prior to April 1,1990, and within the meaning of Section 3(s)(1)(A) of the Act as amended, , Pub. L. 101-157, November 17, 1989, from April 1, 1990, until the present.

## THE PARTIES

4.    The Plaintiff, Madeline Guardarrama Nevárez, (hereinafter "Plaintiff" or "Guardarrama") is of legal age and resident of Toa Baja, Puerto Rico.

5. MVM Security Services Inc. (hereinafter "MVM") is a private entity duly organized pursuant to the laws of a jurisdiction other than the Commonwealth of Puerto Rico, and is authorized to do business in Puerto Rico.

6. John Doe and Jon Roe are any such natural or juridical l persons who have or may have liability for the facts set forth in this complaint under Puerto Rico causes of action. Their names are unknown at present. As soon as they are known, they will be presented by amended complaint.

7. Defendants X. Y, and Z Companies are all such insurance companies that have issued insurance policies in the name of the defendant MVM Security Services Inc., to cover claims and the damages that are claimed in this complaint. Once the excesses of any insurance

company liable for the damages presented in the alleged complaint is learned, the corresponding amendment to this complaint shall be made to include the correct name on the caption.

## PLEADINGS

8. Guardarrama worked full-time for over two (2) years at MVM Security Services Inc., as a Security Officer.

9. Defendant employer MVM, subjected Guardarrama to illegal discrimination because of her sex as well as to retaliation.

10. Guardarrama was not compensated in any way for the discriminatory acts against her because of her sex. The discriminatory conduct complained of herein has caused her serious economic damages, suffering and mental distress, including loss of income and benefits to which she would be entitled had it not been for the discriminatory and illegal acts by the respondent employer.

11. Madeline Guardarrama began working for MVM, Security Services Inc., on November 4, 2003.

12. Guardarrama always performed her job in a satisfactory manner and had never been object of disciplinary measures prior to the facts alleged in this complaint.

13. Plaintiff Madeline Guadarrama earned a yearly salary of close to thirty thousand dollars ($30, 000) including some overtime work hours.

14. On Tuesday, May 17 2006, Guardarrama was terminated from her employment for allegedly having falsified an official document. Said termination was notified in writing by letter dated that same day, sent by mail on May 22, 2006 and received on or about May 24, 2006. The dismissal was to be effective May 16th, 2006.

15. The reason given by defendant MVM Security Services Inc., for Guardarrama's termination is baseless, a pretext, and is only part of the continuation of the discriminatory and illegal acts against the plaintiff for reasons of her sex.

16. MVM Security Services Inc., is liable to the plaintiff for all of the damages caused as a consequence of the discriminatory and illegal acts, including but not limited to: restitution in the employment, unearned wages since her illegal determination, unearned fringe benefits since her illegal termination, pay raises, compensation for suffering and mental distress and attorney's fees. The Plaintiff is entitled to a compensation equivalent to double the damages suffered and the unearned wages.

17.The respondent employer has discriminated against Madeline Guardarrama, subjecting her to different treatment than that given to male employees for facts or circumstances similar to those used by defendant employer to illegally terminate her. Specifically, the respondent employer terminated Madeline Guardarrama from her employment for alleged conduct that when incurred by male employees, in circumstances equal or similar to her have not been terminated.

18. Other acts of unequal and discriminatory treatment for reasons of sex that Madeline Guardarrama was subjected to while employed at MVM, Security Services Inc., for which they are liable under law include :

a) Guardarrama was suspended from employment and salary until a new score was obtained in the shooting score test; upon information and belief male employees that have not passed the shooting score test have not had their salary suspended on this ground;

b) she was discriminated in the granting and approval of vacation, and or overtime being forced to resort to the Hours and Wage Division of the U.S. Department of Labor and filing a complaint and or seeking an investigation regarding this employers failure to comply with the law.

c) MVN Security Services Inc., denied her pay raises that had been awarded to employees in 2005, and that she was entitled to, being forced to resort to the Hours and Wages Division of the U.S. Department Labor and filing a grievance and/ or causing an investigation by this agency because she was not receiving the pay raises that had been awarded in 2005; while male counterparts in fact received the pay raises.

d) Guadarrama was subject to unequal and discriminatory treatment in the assignment of work shifts.

19. MVM Security Services Inc., became aware and had knowledge that plaintiff Guadarrama had appeared before the U.S. Department of Labor in Puerto Rico alleging that employer had not complied with the law regarding hours, wages and vacation.

20. MVM Security Services, Inc., in fact responded in writing to inquiries of the U.S. Department of Labor regarding Madeline Guadarrama's complaints and allegations before that agency.

21. Madeline Guadarrama also complained directly to management of what she believed illegal employment practices by MVM, Security Services Inc., regarding violations to wage and hour laws after complaining to management in MVM, and of discrimination and disparate treatment, never receiving a response to her complaint.

22. MVM Security Services, Inc., termination of Madeline Guadarrama constitutes illegal reprisal and retaliation, prohibited under not only Puerto Rico Law 100 of June 1959, which prohibits discrimination and retaliation , and Puerto Rico Law 115, of December 1991 of but also under the Fair Labor Standards Act as amended. 29 U.S.C. 201 et seq.

23. The discriminatory acts incurred by MVM Security Services Inc., against Guadarrama have caused the plaintiff severe financial loss, mental suffering and distress, in addition to loss of wages .

## FIRST CAUSE OF ACTION

23. The plaintiff reproduces and reaffirms all of the prior pleadings, incorporates them and makes them part of the subsequent pleadings.

24. Puerto Rico Law 100 of June 30, 1959, as amended , 29 L.P.R.A. sections 146 et seq., makes it illegal for an employer to terminate, suspend, or otherwise discriminate in the

terms and conditions of employment including salary,  on the basis of sex among other protected groups. Defendants conduct complained of herein is in violation of Puerto Rico Law 100, as amended.

25. The plaintiff demands an equal amount to double the sum of the damages caused by the defendant's discriminatory conduct  pursuant  to the provisions of Act 100 of June 30, 1959, as amended.

**SECOND CAUSE OF ACTION**

26. The plaintiff reproduces and reaffirms all of the previous paragraphs,  incorporates them and makes them part of the subsequent pleadings.

27.   Puerto Rico Law 115 of December 20th 1991 , as amended, 29 L.P.R.A. section 194 et seq.  Prohibits an employer from terminating , threatening to terminate or to discriminate in terms and conditions of employment because he/ she has offered any testimony or information against the employer before an administrative or judicial forum.

28. Plaintiff Guadarrama  was terminated for engaging in a protected activity under Puerto Rico  Law 115, of December 20th 1991 as amended and  Law 69 and Law 379.

29. Guardarrama filed two grievances and/or provided information against MVM regarding employment practices she believed illegal and in violation to law  before the Hours and Wages  of the Department of Labor and Human Resources and complained of discrimination

before the administrative offices of MVM.  In retaliation, as part of the discriminatory conduct, the respondent terminated Guardarrama.

30. MVM Security Services Inc., had knowledge and was aware that Guadarrama had complained and/or provided information to the U.S. Department of Labor regarding MVM non compliance with payment of wages ,and/or  vacation and/or not honoring  salary rate increases to her.

31. As a result of defendant's retaliation  Plaintiff has suffered severe emotional damages for which Defendant MVM Security Services Inc., is  liable.

32. As a direct consequence of Defendant's retaliatory conduct, Plaintiff has suffered past and future loss of wages and benefits for which the Defendant is liable.

33. Defendants conduct make them liable to Plaintiff for punitive damages, compensatory damages, back pay, reinstatement, and double damages. These damages and unearned wages are estimated to date  in an amount no less than $ 300,000.00.

### THIRD CAUSE OF ACTION

 FLSA Anti Retaliation and Discrimination  Provision

34. The plaintiff reproduces and reaffirms all of the previous paragraphs,  incorporates them and makes them part of the subsequent pleadings of this compliant.

35. The Fair Labor Standards Act, as amended,  makes it unlawful to "discharge or in any manner discriminate against an employee because such employee has filed any complaint, or instituted or caused to be instituted any proceedings under or related to the this chapter or has testified .... in any such proceeding .  29 U.S.C. section 215 (a) (3) .

36. Madeline Guadarrama engaged in statutory   protected activity on the separate occasions she went to the U.S. Department of Labor , Wage and Hour Division seeking recourse against MVM for not complying with payment of wages , including vacation ,overtime and salary increases .

37. MVM Security Services Inc., had knowledge that plaintiff Guadarrama sought the help of the U.S. Department of Labor , Wage and Hours Division regarding her salary, and benefits with MVM including failure to honor hour rate increases, vacation time and overtime pay.  MVM provided documents to the U.S. Department of Labor regarding payments made to Madeline Guadarrama.

38. MVM terminated Madeline Guadarama from her employment and /or otherwise discriminated against her for engaging in protected activity in violation of  section 215 (a) (b) of the FLSA.

39. MVM's illegal and discriminatory   termination of   Guadarrama from her employment  was willful and or in reckless disregard to their obligation under the FLSA.

40. This action under the Fair Labor Standards Act is timely. It is filed within the two year limitation  provided by FLSA to file action when employers conduct has not been willful , and within the three years limitation , when the employers action is willful.

41. Under the FLSA provisions Guadarrama is entitled to reinstatement, payment of lost wages, and liquidated damages as well as any other equitable relief the Court may deem proper.

42. MVM Security Services Inc., is liable to Madeline Guadarrama for the amount of unpaid wages, including overtime she would have been entitled to, in addition to an equal amount as liquidated damages. 29 U.S.C. 216 (b)

43. Plaintiff Guadarrama consents to the filing of this action under the Fair Labor Standards Act.

44. Under the FLSA reasonable attorneys fees shall be awarded to plaintiff as proper relief.

**TRIAL BY JURY**

44. Plaintiff demands that the instant action be tried before a jury.

**PRAYER**

Plaintiff prays that , in light of the above and after the corresponding legal processes the following relief be granted to her:

a)  Declare that MVM discriminated against Madeline Guadarrama based on her sex and or in retaliation  in violation to Puerto Rico 100, of June 1959 as amended;   and

b)  Declare that MVM incurred in retaliation against Guadarrama, in violation of Act No. 115 and FLSA, and

c)  Award plaintiff a sum equivalent to double  the damages caused by the discriminatory acts and retaliation as permitted by Puerto Rico laws 100 and 115; and

d)  Reinstate the plaintiff in her employment with MVM with the corresponding salary increments and benefits, and

e) Award  Madeline Guadarrama an amount in liquidated damages;

f) Award punitive damages against MVM for their illegal and discriminatory conduct.

g) Award plaintiff reasonable attorneys fees, and

h) Grant costs, and  interests of this action as well as all necessary expenses incurred in this action, and

i) Grant any other remedy this Court deems proper under law or equity in light of the circumstances.

**RESPECTFULLY SUBMITTED.**

We Hereby certify that this Amended Complaint is being filed electronically  through the ECF system which will send notice of such filing to the attorneys of record.

In San Juan, Puerto Rico, on February 29th , 2008.

**S/NORA VARGAS ACOSTA**
USDC PR No.: 201206
First Federal Building Suite 1004
#1056 Muñoz Rivera Ave.
Rio Piedras, Puerto Rico 00927
Tel/fax: (787) 751-7485